■ RANGER TIRE, INC., Plaintiff, v. AMERICAN CASUALTY INSURANCE CO., Defendant and Third-Party Plaintiff; NATIONAL COVERAGE CORPORATION et al., Third-Party Defendants, et al., Defendant-Intervenor. NATIONAL COVERAGE CORPORATION, Fourth-Party Plaintiff-Appellant v. CLAPP EQUIPMENT COMPANY et al., Fourth-Party Defendants-Respondents, et al., Fourth-Party Defendant. (Action No. 1.) (Two Similar Titles — Actions Nos. 2 and 3.) RANGER TIRE, INC., Plaintiff, v. NATIONAL COVERAGE CORPORATION, Defendant and Third-Party Plaintiff-Appellant; CLAPP EQUIPMENT COMPANY et al., Third-Party Defendants-Respondents; et al., Third-Party Defendant. (Action No. 4.) (And Another Title — Action No. 5.) — In five consolidated actions, National Coverage Corporation appeals from an order of the Supreme Court, Suffolk County, entered June 27, 1974, which granted the separate motions of Clapp Equipment Company and Decker Electric, Inc., to dismiss National's fourth-party complaint against said movants in Actions Nos. 1, 2 and 3 and to dismiss National's third-party complaint against said movants in Actions Nos. 4 and 5. The order granted the motions "without prejudice to renewal". Order reversed, motions denied, with one bill of $20 costs and disbursements against respondents jointly, and, on the court's own motion, trial upon National Coverage Corporation's said third- and fourth-party complaints is stayed pending a determination, either by judgment or settlement, of National's liability in these actions, and the time within which respondent Clapp Equipment Company is required to answer said complaints is extended until 20 days after written notice to it that such determination has been made. In this complex litigation, the main issue centers upon whether or not appellant, an insurance broker, had secured fire insurance

coverage for premises which were damaged by fire. In separate actions against three insurance companies (Actions Nos. 1, 2 and 3), the latter impleaded appellant. In those actions, as well as the actions by the lessee and owner of the premises against appellant (Actions Nos. 4 and 5), appellant impleaded the parties allegedly responsible for the fire because of negligence and breach of warranty. In our opinion, it was an abuse of discretion to dismiss these third- and fourth-party complaints. If any recovery is had against appellant for failure to properly discharge its obligations with respect to securing insurance coverage, a dispute will exist between appellant and its third- and fourth-party defendants as to whether the latter are liable over to appellant. However, because of the confusion which would be engendered, any trial of the issues raised by these third- and fourth-party complaints should await a determination, either by judgment or settlement, of the litigation upon which the third- and fourth-party complaints are dependent. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.